UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP. <br> *Plaintiff,* <br> vs. <br><br> TRANSISTOR DEVICES, INC. d/b/a TDI POWER <br> *Defendant.* | Civil Action No. _____ |

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Astronics Advanced Electronic Systems Corp. ("AAES"), by and through its undersigned attorneys, hereby pleads the following claims of patent infringement against Transistor Devices, Inc. ("TDI") and alleges as follows:

### PARTIES

1.      Plaintiff AAES is a corporation organized under the laws of the state of Washington and has its principal place of business at 12950 Willows Road N.E., Kirkland, Washington 98034.

2.      AAES is an industry leader in providing reliable electrical systems for challenging operational environments, particularly in the aerospace sector. AAES, *inter alia*, is engaged in the sale of power generators, power distribution systems, electrical power breakers and lighting controls for commercial and military aircraft.

3.      Upon information and belief, Defendant TDI is organized under the laws of the state of New Jersey and has its principal place of business at 36 Newburgh Rd., Hackettstown, New Jersey 07840.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code. This Court has subject matter jurisdiction over the matters pled herein under 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

5.      This court has personal jurisdiction over Defendant because, *inter alia*, it has its principal place of business and conducts substantial business in this judicial district and thus enjoys the privileges and protections of New Jersey law.

6.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,754,445

1.      United States Patent No. 5,754,445 ("the '445 patent"), titled "Load Distribution and Management System," duly issued on May 19, 1998.

2.      All necessary maintenance fees respecting the '445 patent have been timely paid in full, and the patent is currently in effect.

3.      Jeffrey A. Jouper, Susan Nellis, Darrell Hambley and Mark A. Peabody are the named inventors of the '445 patent. AAES owns by assignment the entire right, title, and interest in and to the '445 patent, including the sole right to sue for past and present patent infringements thereof.

4.      Upon information and belief, Defendant offered for sale, sold and manufactured, and offers for sale, sells, and manufactures, electronic components that infringe the '445 patent and whose use constitutes infringement of the '445 patent.

5. Upon information and belief, Defendant's sale, offer for sale, and manufacture of its In-Seat AC Power Supply system and PowerBox power system and related equipment constitutes infringement of the '445 patent.

6. Upon information and belief, Defendant has and continues to offer for sale power system products that infringe the '445 patent via its website.

7. Upon information and belief, Defendant has and continues to offer for sale power system products that infringe the '445 patent during its attendance of various trade industry events.

8. Upon information and belief, Defendant provides electric components material to the practicing of the '445 patent's invention, that have no substantial non-infringing uses, and that are known by Defendant to be especially made or especially adapted for use in what constitutes infringement of the '445 patent, including inter alia, reconstruction of legacy power management systems as claimed in the '445 patent.

9. Upon information and belief, Defendant has induced third parties to infringe the '445 patent by, inter alia, affirmatively instructing the third parties as to how to practice the methods of the '445 patent application and by causing electrical systems that infringe the '445 patent to be installed and operated in aircraft belonging to the third parties.

10. On multiple occasions, AAES advised Defendant of the existence of the '445 patent and that Defendant's sales, offerings for sale, manufacturing and other activities likely constituted infringement of the '445 patent.

11. Nonetheless, Defendant continued in its course of conduct without taking sufficient steps to ensure that it was not infringing the '445 patent by, inter alia, continuing to

3

sell, offer for sale and manufacture infringing products, and undertaking other activities that constitute infringement of the ''445 patent.

12.   Defendant's various communications with AAES evidence a willful disregard of AAES's rights vis-à-vis the '445 patent and a desire to profit irrespective of U.S. patent laws.

13.   Defendant has refused amicable discussions regarding AAES' patents.

14.   Defendant's acts of infringement have caused and will continue to cause substantial and irreparable damage to AAES.

15.   TAKE NOTICE that AAES reserves the right to amend, supplement, or modify its allegations of infringement as facts regarding such allegations arise during the course of this case.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,046,513

16.   United States Patent No. 6,046,513 ("the '513 patent"), titled "Load Distribution and Management System," duly issued on April 4, 2000.

17.   All necessary maintenance fees respecting the '513 patent have been timely paid in full, and the patent is currently in effect.

18.   Jeffrey A. Jouper, Susan Nellis, Darrell Hambley and Mark A. Peabody are the named inventors of the '513 patent. AAES owns by assignment the entire right, title, and interest in and to the '513 patent, including the sole right to sue for past and present patent infringements thereof.

19.   Upon information and belief, Defendant offered for sale, sold and manufactured, and offers for sale, sells, and manufactures, electronic components that infringe the '513 patent and whose use constitutes infringement of the '513 patent.

20.    Upon information and belief, Defendant's sale, offer for sale, and manufacture of its In-Seat AC Power Supply system and PowerBox power system and related equipment constitutes infringement of the '513 patent.

21.    Upon information and belief, Defendant has and continues to offer for sale power system products that infringe the '513 patent via its website.

22.    Upon information and belief, Defendant has and continues to offer for sale power system products that infringe the '513 patent during its attendance of various trade industry events.

23.    Upon information and belief, Defendant provides electric components material to the practicing of the '513 patent's invention, that have no substantial non-infringing uses, and that are known by Defendant to be especially made or especially adapted for use in what constitutes infringement of the '513 patent, including *inter alia*, reconstruction of legacy power management systems as claimed in the '513 patent.

24.    Upon information and belief, Defendant has induced third parties to infringe the '513 patent by, *inter alia*, affirmatively instructing the third parties as to how to practice the methods of the '513 patent application and by causing electrical systems that infringe the '513 patent to be installed and operated in aircraft belonging to the third parties.

25.    On multiple occasions, AAES advised Defendant of the existence of the '513 patent and that Defendant's sales, offerings for sale, manufacturing and other activities likely constituted infringement of the '513 patent.

26.    Nonetheless, Defendant continued in its course of conduct without taking sufficient steps to ensure that it was not infringing the '513 patent by, *inter alia*, continuing to

5

sell, offer for sale and manufacture infringing products, and undertaking other activities that constitute infringement of the '513 patent.

27.     Defendant's various communications with AAES evidence a willful disregard of AAES's rights vis-à-vis the '513 patent and a desire to profit irrespective of U.S. patent laws.

28.     Defendant has refused amicable discussions regarding AAES' patents.

29.     Defendant's acts of infringement have caused and will continue to cause substantial and irreparable damage to AAES.

30.     TAKE NOTICE that AAES reserves the right to amend, supplement, or modify its allegations of infringement as facts regarding such allegations arise during the course of this case.

## **PRAYER FOR RELIEF**

WHEREFORE, AAES prays for entry of judgment against the Defendant as follows:

A.     That Defendant infringed and is infringing the '513 and '445 patents under 35 U.S.C. § 271;

B.     That Defendant provide to AAES an accounting of all gains, profits and advantages derived by its infringement of the '513 and '445 patents, and that AAES be awarded damages adequate to compensate it for Defendant's wrongful infringement, in accordance with 35 U.S.C. § 284;

C.     That AAES be awarded any other supplemental damages and interest on all damages, including, but not limited to attorney fees available under 35 U.S.C. § 285;

D.     That the Court permanently enjoin Defendant and all those in privity with it from making, having made, selling, offering for sale, distributing and/or using products that infringe the '513 and '445 patents in the United States; and

E.     That AAES be awarded such other and further relief as this Court may

deem just and proper, including but not limited to equitable relief and all remedies available at

law.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), AAES hereby demands a trial by jury on all issues triable to a jury.

Dated: October 20, 2014          Respectfully submitted,

ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.

By its attorneys,


s/ Susan M. Kennedy

Susan M. Kennedy (NJ Bar No. 018391990)
skennedy@wiggin.com
Telephone: (215) 988-8320
WIGGIN AND DANA LLP
Two Liberty Place
50 S. 16th Street, Suite 2925
Philadelphia, Pennsylvania 19102


Abraham Kasdan (NJ Bar No. 036931985)
AKasdan@wiggin.com
Telephone: (212) 551-2841
Joseph Casino (to be admitted *pro hac vice*)
JCasino@wiggin.com
Telephone: (212) 551-2842
Michael Kasdan (to be admitted *pro hac vice*)
MKasdan@wiggin.com
Telephone: (212) 551-2843
WIGGIN AND DANA LLP
450 Lexington Avenue, 38th Floor
New York, New York 10017-3913